UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LEANDRO XAVIER OLIVERIA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SERGIO ALBARRAN, Field Office Director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; and RON MURRAY, Warden, Mesa Verde ICE Processing Center,<br><br>　　　　　Respondents. | No. 1:25-cv-01760 WBS AC<br><br><br>MEMORANDUM AND ORDER RE: PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

----oo0oo----

Before the court is petitioner Leandro Xavier Oliveria's motion for a temporary restraining order, in which he asks the court to enjoin respondents from removing him without a

1

meaningful opportunity to be heard.[1]  (Docket No. 2 at 6.)

It is undisputed that petitioner entered the United States illegally.  The record indicates that he entered without inspection and was detained, interviewed, then released on parole and placed in removal proceedings on January 14, 2025.  (Id. at 3.)  His parole was conditioned, among other things, on mandated reporting requirements under the Intensive Supervision Appearance Program.  (Id. at 7.)  At the time he was paroled, petitioner was advised that "[p]arole is entirely within the discretion of ICE and can be terminated at any time and for any reason." (Docket No. 1-7, at 1.)  Subsequently, on December 5, 2025, petitioner was detained during a check-in with Immigration and Customs Enforcement ("ICE") and was informed he had committed multiple parole violations.  (Id.)

"The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

---

[1] In his petition, petitioner asks only that the court enjoin transferring him out of the state or the country.  At oral argument, petitioner's counsel requested leave to amend the petition to also seek immediate release from custody. Considering the petition as one for release from custody would not alter any aspect of the analysis here, and the court's reasoning in this opinion should be understood to apply equally to such a request.

2

1  equities tips in his favor, and that an injunction is in the
2  public interest."  Winter v. Nat. Res. Def. Council, Inc., 555
3  U.S. 7, 20 (2008).  The last two factors "merge when the
4  Government is the opposing party."  Nken v. Holder, 556 U.S. 418,
5  435 (2009).

6        Likelihood of success on the merits is "the most
7  important factor in determining whether a preliminary injunction
8  is warranted."  Garcia v. County of Alameda, 150 F. 4th 1224,
9  1230 (9th Cir. 2025) (internal citations and quotation marks
10 omitted).  "[P]laintiffs seeking a preliminary injunction face a
11 difficult task in proving that they are entitled to this
12 extraordinary remedy."  Earth Island Inst. v. Carlton, 626 F.3d
13 462, 469 (9th Cir. 2010) (internal quotation omitted).  A mere
14 possibility of success is insufficient to satisfy this factor;
15 instead, a petitioner must demonstrate "a strong likelihood of
16 success on the merits."  Save Our Sonoran, Inc. v. Flowers, 408
17 F. 3d 1113, 1120 (9th Cir. 2005).

18        Petitioner argues his detention violates due process
19 because he was not given proper notice and a hearing.  (Docket
20 No. 1 at 11; Docket No. 2 at 11.)  Petitioner makes no claim that
21 he was denied substantive due process; the sole issue is whether
22 petitioner was denied procedural due process.

23        In his underlying petition, petitioner contends that 8
24 U.S.C. § 1225(b)(2)(A) "does not apply to people like [him], who
25 have already entered and were residing in the United States at
26 the time they were apprehended."  (Docket No. 1 at 24.)  The
27 court does not accept this premise.  To the contrary, as this
28 court has observed in several recent decisions, noncitizens

1 present in the United States who were never legally admitted are
2 considered "applicants for admission" under 8 U.S.C. § 1225(b)
3 and thus subject to mandatory detention, regardless of physical
4 presence.  See, e.g., Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR,
5 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025) ("The suggestion
6 that petitioner may evade the designation of 'applicant for
7 admission' merely because he has already entered the United
8 States elides the fact that he was never lawfully admitted.");
9 Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133,
10 at *3 (E.D. Cal. Nov. 17, 2025) (same).

11        As an applicant for admission, an alien can request an
12 interview with an asylum officer if he intends to apply for
13 asylum or has a fear of persecution. 8 U.S.C. §
14 1225(b)(1)(A)(ii).  If, after such a hearing, the asylum officer
15 finds that the applicant admission has a credible fear, the law
16 requires that the applicant for admission "shall be detained"
17 pending further consideration. 8 U.S.C. § 1225(b)(1)(B)(ii).  In
18 this case, petitioner requested and received an asylum interview.
19 (Docket No. 1 at 7.)  At that hearing, the asylum officer found
20 that the petition had a credible fear, and he was accordingly
21 detained pending further proceedings.  (Id.)

22        At oral argument, petitioner's counsel argued that
23 because petitioner had been paroled, he should no longer
24 considered as mandatorily detained under § 1225, and thus that
25 his re-detention entitled him to additional process.  That is not
26 the law.  As respondents point out, the grant of parole has no
27 impact on the mandatory nature of detention under § 1225.
28 (Docket No. 8 at 1.)  Section 1182(d)(5)(A) -- the relevant

4

definitional statute -- explicitly provides that "parole . . . shall not be regarded as an admission of the alien," and should parole end, the noncitizen "shall continue to be dealt with in the same manner as that of any other applicant for admission."  8 U.S.C. § 1182(d)(5)(A).

Accordingly, the court concludes that "the procedure authorized by Congress" in 8 U.S.C. § 1225(b) constitutes procedural "due process" as far as petitioner is concerned. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same). And because 8 U.S.C. § 1225(b) does not "say[] anything whatsoever about bond hearings," petitioner is not entitled to one.  Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).

Under the statutory procedure, the determination of whether and under what circumstances to place an applicant for admission on parole pending further administrative proceedings properly rests with Immigration and Customs Enforcement.  As such, it may decide not to parole some persons whom the court would choose to parole, or it may parole some the court would choose to keep in custody.  The federal courts have neither the resources nor the Constitutional authority to dictate which of the millions of detained aliens who have illegally entered the United States shall be placed on parole or on what conditions.

Petitioner has been afforded the applicable process and

has therefore failed to demonstrate a likelihood of success on the merits of his claim that additional process is due.  That being the case, the court "need not consider the other [preliminary injunction] factors."  <u>California v. Azar</u>, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 2) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for further proceedings.

Dated:  December 9, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE